FRANKLIN CONTRACTING COMPANY, PROSECUTOR, v. ARTHUR A. DETER, TOWNSHIP OF WOODBRIDGE, AND MARTIN G. ASHLEY, RECORDER OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, RESPONDENTS.

Submitted July 5. 1923—Decided November 19, 1923.

1. An ordinance which provides that, in the zone created thereby, "no new chemical factory shall be opened or operated, and no buildings shall be erected for use of chemical factories, * * * the operation of which may give off fumes or odors offensive to the residents of the district." is clearly directed against potential nuisances and is designed to promote the public health, and is within the powers conferred by chapter 240 of the laws of 1920 (*Pamph. L.,* p. 455), upon which it rests, and in that respect and to that extent is constitutional.

2. An owner of land in a zoned district obtained a permit to erect a factory building thereon from the building inspector, in violation of the provisions of the zoning ordinance providing that no such permit should be granted until after the application had been referred to the township committee and a hearing held thereon after public notice. Such owner, later and on the same day on which such permit was granted, applied to the township committee for a permit, which application, after proper notice and hearing, was denied. *Held*, that the owner's application to the township committee was a waiver of the inspector's permit and that the township was not estopped from asserting the invalidity of such permit in a suit against the owner for commencing to build without a permit.

On *certiorari.*

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Thomas Brown.*

For the respondents, *J. H. Thayer Martin* and *Borden D. Whiting.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ brings up the conviction of the prosecutor in the recorder's court of the township of Woodbridge, for commencing to erect on January 19th, 1923, a building exceeding five feet square without a permit, in violation of the building code of the township, being an ordinance adopted May 20th, 1918, declaring that "no person shall erect, move, raze or alter any building exceeding five feet square, nor commence to do so, without a permit."

The prosecutor attacks the conviction on the ground that a permit for the erection of the building had been issued to it before beginning operations.

But we are of the opinion that the prosecutor did not have a valid permit.

The situation was this: The prosecutor's property, upon which it desired to erect the factory building in question, was within the zone established by an ordinance of the township

adopted August 22d, 1921. Section 3 of that ordinance provides that, in the zone created thereby, "no new chemical factory shall be opened or operated, and no buildings shall be erected for use of chemical factories," &c. Section 4 defines "chemical factory" as including "any industry, the operation of which may give off fumes or odors offensive to the residents in the district." Section 5 provides that "in order to determine in advance whether any proposed factory will constitute a violation of this ordinance, no permit for the erection or alteration of any building for factory purposes in said district shall be granted until after the application has been referred to the township committee, and a hearing held thereon," after public notice. The prosecutor applied to the building inspector for a permit to construct a factory in the zoned district. That application was not referred to the township committee and no hearing was held thereon, as required by the zoning ordinance; but an alleged permit was issued by the building inspector dated November 27th, 1922. Later, the same day, at its meeting of November 27th, 1922, the prosecutor made application to the township committee for permission to construct such factory and for a hearing thereon. On that application a hearing was held, after notice. At that hearing the application for the permit was denied, and there is no evidence that any permit has since been issued to the prosecutor. The prosecutor nevertheless went ahead with its building and now claims to have relied upon the inspector's permit. The township authorities treated the inspector's permit as a nullity and the prosecution and conviction in question followed.

It is seen, therefore, that the validity of the building inspector's permit turns upon the validity of the provisions of the zoning ordinance, and that is the meritorious question which both sides seek to have determined.

The prosecutor contends broadly that the zoning ordinance is unconstitutional as depriving the prosecutor of its property without compensation. We think not. It is clearly directed against potential nuisances; that is to say, factories

likely to make fumes or odors offensive to the residents of the district, and is designed to promote the public health, and is well within the powers conferred by chapter 240 of the laws of 1920 (*Pamph. L., p.* 455), upon which it rests, and in that respect and to that extent is constitutional. *Schail* v. *Senior,* 97 *N. J. L.* 390; *Cliffside Park Realty Co.* v. *Cliffside Park,* 96 *Id.* 278; *Romar Realty Co.* v. *Haddonfield, Id.* 117.

Since, under the zoning ordinance, the building inspector, who issued the permit upon which the prosecutor relies, obviously had no power to issue it, such permit was nugatory, and the provision of the building code, upon which this suit is brought, was violated.

But the prosecutor contends that it incurred expense on the strength of the inspector's permit, and therefore the township is estopped to deny its validity. We incline to think that the situation as disclosed by the above recital of facts shows this contention to be ill-founded in point of fact. But however that may be a complete answer is that the owner's application to the township committee for a permit and a hearing thereon, as required by the ordinance, was a waiver of the inspector's permit, and the township was not estopped from asserting the invalidity thereof in this suit against the owner for commencing to build without a permit.

We believe that the foregoing observations in effect dispose of every question properly raised, bearing in mind that all we can properly decide upon this review is whether the prosecutor was properly convicted of commencing to build without a valid permit, and we think that it was.

The judgment of conviction will be affirmed, with costs.